|   |   |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA CATINA MORRIS,<br><br>Defendant. | CASE NO. 09CR1981-MMA<br><br>**ORDER**:<br><br>(1) **DENYING AS MOOT MOTION TO MODIFY RESTITUTION**;<br><br>[Doc. No. 99]<br><br>(2) **DENYING MOTION TO VACATE RESTITUTION**;<br><br>[Doc. No. 101]<br><br>(3) **DENYING MOTION FOR REDUCTION OF SENTENCE**<br><br>[Doc. No. 103] |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

On February 9, 2011, a jury convicted Defendant Linda Catina Morris on both counts of a two count Indictment for conspiracy to commit bank robbery and bank robbery, aiding and abetting. *See* Jury Verdict, Doc. No. 77. The Court sentenced Defendant to a total term of seventy-two months imprisonment. *See* Amended Judgment, Doc. No. 96. The Court ordered restitution in the amount of $13,516.00. *See* Restitution Order, Doc. No. 94. Defendant, proceeding *pro se*, moves the Court to modify or vacate its order of restitution. Defendant also moves for a reduction of her sentence based on a recalculation of her criminal history score. For the reasons set forth below, the Court **DENIES** Defendant's motions.

## I. Motion to Modify Restitution Judgment

Defendant moves the Court to modify the restitution judgment in this case in two respects. First, she requests to defer her payments until she can find institutional employment while incarcerated. Second, she asks the Court to establish a payment plan of $25 per quarter. The judgment in this case provides that restitution "shall be payable forthwith or through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater." *See* Doc. No. 96. Even if modification of the judgment was appropriate in this case, it is not necessary because this payment plan accommodates both of Defendant's requests. It establishes a $25.00 per quarter payment plan, and caps her payments at that amount while she remains incarcerated and either unemployed, or employed but earning less than $25.00 per quarter. As such, the Court **DENIES AS MOOT** Defendant's motion to modify the restitution judgment.

## II. Motion to Vacate Restitution Judgment

Defendant moves to vacate the restitution judgment in this case, arguing that the Court impermissibly ordered immediate payment without considering her ability to pay. However, the Court did not order immediate payment. Rather, the judgment specifies a payment plan. *See* Doc. No. 96. While incarcerated, Defendant is required to pay on a quarterly schedule, as described above. After her release, Defendant must pay $400.00 per month. The Court considered Defendant's future ability to pay restitution and ordered a payment plan in accordance therewith. *United States v. Stoddard*, 150 F.3d 1140, 1147 (9th Cir. 1998) (holding that a court must consider a defendant's future ability to pay). As such, the Court **DENIES** Defendant's motion to vacate the restitution judgment.

## III. Motion to Reduce Sentence

Finally, Defendant moves for a reduction of her sentence. Defendant argues that the Court should recalculate her criminal history score pursuant to a November 1, 2012 amendment to Section 4A1.2 of the United States Sentencing Guidelines

("USSG"). According to Defendant, the recalculation results in a lower score and therefore a reduced sentencing guideline range.

Pursuant to Title 18 of the United States Code, section 3582(c)(2), a court may reduce a defendant's term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." On November 1, 2012, the Commentary to USSG §4A1.2, Application Note 5, was amended to clarify that convictions for driving while intoxicated and similar offenses are always counted, regardless of classification, and that paragraphs (1) and (2) of §4A1.2(c) do not apply. The amendment was intended to resolve a circuit split and to demonstrate that convictions for driving while intoxicated and similar offenses are sufficiently serious to always count toward a defendant's criminal history score. This amendment is simply inapplicable here. According to Defendant, her prior convictions included felon in possession of a firearm, perjury, and conspiracy to grand theft. As such, the Court **DENIES** Defendant's motion to reduce her sentence.

## CONCLUSION

For the reasons set forth above, the Court **DENIES AS MOOT** Defendant's motion to modify the restitution judgment. In addition, the Court **DENIES** Defendant's motions to vacate the restitution judgment and to reduce her sentence.

**IT IS SO ORDERED**.

DATED: June 20, 2013

Hon. Michael M. Anello
United States District Judge